## In the Court of Common Pleas of Schuylkill County.

### WILLIAM DeFREHN v. HENRY LEITENBERGER.

In order to give the defendant the benefit of the provisions of 4th section of act of 24 January, 1849, he must have an undoubted life estate in the land levied upon.

**Exceptions to the confirmation of the Sheriff's deed.**

Opinion delivered Feb. 15, 1875, by

WALKER, J. The exceptions that are filed to the confirmation of the Sheriff's deed in this case, are upon the ground that the Act of Assembly relative to the sale of life estates has not been complied with.

Previous to the passage of the act of 24 January, 1849, (Purdon's Dig. 652 Pl. 90), life estates in lands yielding rents, issues and profits could not be sold under any execution. Snyder v. Christ, 3 Wr., 507. And since that time a strict compliance with the requiremements of the act, is necessary to pass title to the purchaser. If this be not done, the sale is void, and no life estate whatever passes. Kintz v. Long, 6 Casey, 501.

The act requires the sheriff, when the defendant has only a life estate in the land, upon request and notice to the plaintiff by the defendant, at least three days before the holding of the inquisition to make an

appraisement of the yearly value of the land, and return the same with, or as part of the inquisition and condemnation, and thereupon, before any writ of *venditioni exponas* shall issue, the plaintiff shall wait 30 days for the defendant to elect to pay the plaintiff the annual valuation in half-yearly payments.

And the act further provides that no writ shall be issued unless by direction of the proper court, and on the application of any lien creditor for a writ of *venditioni exponas* the tenant for life shall have at least ten days' notice of the application for such writ.

This, it is contended, has not been done. But the fact of a life estate in the defendant (when controverted) cannot be determined in an application like the present one. The sale is of *all the right, title and interest* of the defendant in the property.

If he has a greater interest than a life estate the sale would pass a good title to the purchaser. If he has only a life estate, the sale cannot prejudice him. Dennison's Appeal, 1 Barr, 201. In an action of ejectment this can properly be determined.

It is true that the record shows a deed for the property in the defendant's wife recorded previous to the sale, but when a married woman purchases property, the presumption of the law is as against his creditors that it is with the money of her husband, and subject to the claims.

It lies upon the wife to show that it was bought with her funds. Her title may be controverted, and if in such a contest it were shown that the defendant's money purchased it, or that it was conveyed to the wife by her husband, when in debt, to hinder, delay or defraud creditors, or if he intended to go into any hazardous business, the property would be his, as against his creditors.

In Gordon v. Inghram, 8 C. 214, it was held that where the creditor has *reasonable ground* to believe that the debtor owns the fee, his interest in the land may be sold on execution; and we therefore think, under the 4th section of the act of 24 January, 1849, there must be in the defendant an *undoubted life estate* to entitle him to the benefit of its provisions.

The purchaser buys the defendant's *right, title and interest* in the land, *other than his life estate*, and if he takes nothing by the purchase, the defendant cannot complain, and he (the purchaser) must be satisfied, for *caveat emptor* applies.

The acknowledgement of the sheriff's deed is not such a *res adjudicata* as precludes an enquiry into the legality of the proceedings, upon which the sale was made in an action of ejectment. Braddee v. Brownfield, 2 W. & S. 271; Carb v. Tozer, 1 W. & S. 529.

As it has not been satisfactorily established before us that the defendant has *only* a life estate in the land, we must overrule the exceptions. Exceptions overruled accordingly.